UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MITCHENER, | Case No. 25-cv-01471-NW |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| CURIOSITYSTREAM, INC., | Re: ECF No. 19 |
| Defendant. | |

Defendant CuriosityStream Inc. filed a motion to dismiss Plaintiff Christopher Mitchener's first amended complaint ("FAC"). ECF No. 19. Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b) and VACATES the hearing set for June 25, 2025. The Court GRANTS THE MOTION WITHOUT LEAVE TO AMEND.

I.      **BACKGROUND**

A.      **Factual Background**

Plaintiff is a citizen of California residing in this district. *See* FAC ¶ 5 CuriosityStream is a Maryland corporation that operates www.curiositystream.com ("Website"). *Id.* ¶ 9. Plaintiff alleges that CuriosityStream installed "certain software on the Website designed by [third party] TikTok to seamlessly cause the extraction and transmission of data from every device that accesses the Website" ("TikTok Software"). *Id.* ¶ 11. According to Plaintiff, "each person who visits the Website can be personally identified" because the TikTok Software "fingerprint[s]" Website visitors," allowing the Website to "collect[] as much data as it can about a normally and otherwise anonymous Website visitor." *Id.* ¶¶ 11-13. The gathered information is then shared with TikTok "for the purpose of finding as much matching and similar information and data in

United States District Court
Northern District of California

TikTok's collection as possible." This process allows visitors to be "conclusively identified through matching data points." *Id.* ¶ 14.

Specifically, Plaintiff alleges that the TikTok Software can "gather device and browser information, geographic information, referral tracking, and URL tracking by running codes or 'scripts' on the Website that send the visitor's details to TikTok." *Id.* ¶ 14.  As part of Defendant's alleged use of the TikTok software, CuriosityStream employs "Auto Advanced Matching" technology to collect further visitor information provided by the visitor to the Website. *Id.* ¶ 15.  Plaintiff claims the TikTok Software automatically runs and sends information to TikTok the moment a visitor makes a connection to the site, without visitors' consent to the tracking of their web activity.  *Id.* ¶ 17.

Plaintiff contends the TikTok software is a "trap and trace device" under the California Invasion of Privacy Act ("CIPA").  Under CIPA, a "trap and trace device" is defined as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."  Cal. Penal Code § 638.50(c).  Plaintiff asserts the TikTok Software is a trap and trace device because its use is to "identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users."  FAC ¶ 19.  Plaintiff alleges that the Website "is collaborating with the Chinese government to obtain [visitors'] phone number[s] and other identifying information" without the visitors' knowledge or consent.  *Id.*

CIPA imposes civil liability and statutory penalties for the installation of trap and trace devices without a court order.  *Id.* ¶ 23; Cal. Penal Code § 638.51.  Plaintiff seeks to certify a class of "[a]ll persons within California whose identifying information was sent to TikTok as a result of visiting the Website."  FAC ¶ 24.

United States District Court
Northern District of California

**B.    Procedural Background**

Plaintiff filed the instant action on February 12, 2025, and Defendant moved to dismiss on March 12, 2025.  ECF Nos. 1, 9.  Instead of opposing, Plaintiff filed the FAC on April 2, 2025.  ECF No. 19.  Defendant timely moved to dismiss the FAC on April 16, 2025.  Mot., ECF No. 21.

This case is one in a rash of similar actions brought by Plaintiff's counsel, Tauler Smith LLP, alleging violations of Cal. Penal Code § 638.51.[1]  The structure of each case is the same: defendants are website operators that use TikTok tracking software as part of their website's code and plaintiffs are unwitting website visitors.  As alleged, the TikTok software illegally gathers personal information about site users without permission, rendering the software an unpermitted "trap and trace device" under the California Invasion of Privacy Act (CIPA).

The undersigned judge dismissed a substantively identical complaint from Tauler Smith earlier this summer.  *See Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025)[2] (original complaint filed on the same date as the instant action).  For the reasons set forth in that decision, and reproduced below, the Court grants Defendant's motion to dismiss with prejudice.

---

[1] *See, e.g.*, (1) *Mitchener v. PRN Health Services, LLC*, Case No. 5:25-cv-00013 (N.D. Cal. Jan 02, 2025); (2) *Velasco v. Momentum Solar, LLC*, Case No. 2:25-cv-00016 (C.D. Cal. Jan 02, 2025); (3) *Mitchener v. New York Life Insurance Company*, Case No. 5:25-cv-00179 (N.D. Cal. Jan 06, 2025); (4) *Schallert v. Super ATV, LLC*, Case No. 2:25-cv-00108 (C.D. Cal. Jan 06, 2025); (5) *Conohan v. Rad Power Bikes, Inc.*, Case No. 2:25-cv-00106 (C.D. Cal. Jan 06, 2025); (6) *Kishnani v. Blue Nile, Inc*., Case No. 2:25-cv-00105 (C.D. Cal. Jan 06, 2025); (7) *Schallert v. SonderMind Inc.*, Case No. 2:25-cv-00383 (C.D. Cal. Jan 15, 2025); (8) *Mitchener v. Universal Pictures Home Entertainment LLC*, Case No. 5:25-cv-00592 (N.D. Cal. Jan 16, 2025); (9) *Deol v. Z Gallerie Home LLC*, Case No. 2:25-cv-00605 (C.D. Cal. Jan 23, 2025); (10) *Hassid v. Alex and Ani, LLC*, Case No. 2:25-cv-00679 (C.D. Cal. Jan 27, 2025); (11) *Hassid v. Bohme LLC*, Case No. 2:25-cv-02492 (C.D. Cal. Mar 20, 2025); (12) *Haviland v. Avant Healthcare Professionals, LLC*, Case No. 2:25-at-00421 (E.D. Cal. Mar 31, 2025); (13) *Haviland v. Avant Healthcare Professionals, LLC*, Case No. 2:25-cv-00987 (E.D. Cal. Mar 31, 2025); (14) *Orr v. Prime Time Healthcare LLC*, Case No. 2:25-cv-02871 (C.D. Cal. Apr 02, 2025); (15) *Velasco v. Healthline Media, LLC*, Case No. 2:25-cv-02940 (C.D. Cal. Apr 03, 2025); (16) *Mitchener v. ADT LLC*, Case No. 5:24-cv-03669 (N.D. Cal. Jun. 18, 2024); (17) *Mitchener v. DFS Services LLC*, Case No. 24-cv-03742 (N.D. Cal. Jun 21, 2024); (18) *Mitchener v. Fanduel*, Inc., Case No. 2:24-cv-06410 (C.D. Cal. Jul. 30, 2024).  The cases listed are limited to those filed in California federal court in 2025.

[2] The Court recognizes that Plaintiff has appealed the *Kishnani* decision to the Ninth Circuit.  Nevertheless, that is no cause to delay ruling on the instant motion.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.")

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.    LEGAL STANDARD

"In the absence of standing, a federal court lacks subject matter jurisdiction over the suit." *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013) (quotations omitted).  To demonstrate Article III standing, a plaintiff must show an injury, trace that injury to the defendants' conduct, and prove that courts can provide adequate redress for the injury.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).  A plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Id.* at 560.  For an injury to be particularized, it "must affect the plaintiff in a personal and individual way."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

"[A]n injury in law is not an injury in fact. Only those plaintiffs who have been ***concretely harmed*** by a defendant's statutory violation may sue that private defendant over that violation in federal court."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis added).  In other words, the legislature's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of the responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III.  *Id.*  In the privacy context, "[u]nless the retention of unlawfully obtained or created information amounts to the type of concrete injury recognized by the Supreme Court, it is insufficient to establish standing."  *Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 993 (9th Cir. 2023).

As a result, general allegations of unlawful conduct are, in themselves, insufficient alone to confer standing.  *Lee v. Biden*, 876 F.2d 897 (9th Cir. 1989) (citing *Allen v. Wright,* 468 U.S. 737, 754–57 (1984)); *Daghaly v. Bloomingdales.com, LLC*, No. 23-4122, 2024 WL 5134350, at *1 (9th Cir. Dec. 17, 2024) (Plaintiff fails to allege an injury in fact if he relies only on "general allegations about how [Defendant] intercepts website visitors' communications and monitors their actions" while "allegations about [Plaintiff's] own interactions with [the website] are sparse."); *see also Moore v. United Parcel Serv.*, *Inc.*, No. 18-cv-07600-VC, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019) ("[A] reference to invaded 'privacy and statutory rights' . . . [is] insufficient to describe a concrete and particularized harm."); *Parker v. Salvation Army*, No. 20-CV-08585-JSW,

1    2021 WL 6618584, at *2 (N.D. Cal. Apr. 16, 2021) (same).

2        While in certain circumstances "[i]ntrusion on privacy alone can be a concrete injury,"

3    *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 954 (N.D. Cal. 2018), the nature of the injury turns

4    on whether a plaintiff has a legitimate expectation of privacy.  *Kumandan v. Google LLC*, No. 19-

5    CV-04286-BLF, 2023 WL 8587625, at *13 (N.D. Cal. Dec. 11, 2023) (violation of CIPA requires

6    showing "that class members had a reasonable expectation of privacy in intercepted

7    communications."); *Rodriguez v. Autotrader.com, Inc.*, No. 2:24-CV-08735-RGK-JC, 2025 WL

8    1122387, at *3 (C.D. Cal. Mar. 14, 2025) ("[A]n invasion of privacy requires a reasonable

9    expectation of privacy to have been violated.").

10   **III.    DISCUSSION**

11       **A.    Plaintiff Fails to Allege an Injury in Fact**

12       To sufficiently allege an injury in fact and "survive a motion to dismiss, a plaintiff must

13   identify the 'specific personal information she disclosed that implicates a protectable privacy

14   interest.'" *Khamooshi v. Politico LLC*, No. 24-CV-07836-SK, 2025 WL 1408896, at *2 (N.D. Cal.

15   May 13, 2025) (quoting *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023)).

16   Because Plaintiff did not, he lacks Standing to bring his claim.  *See Hughes v. Vivint, Inc.*, No. CV

17   24-3081-GW-KSX, 2024 WL 5179916, at *4-5 (C.D. Cal. July 12, 2024), *adopted,* No. CV 24-

18   3081-GW-KSX, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024) ("As Plaintiff does not clearly allege

19   what personalized information of hers was actually collected, she does not identify any harm to

20   her privacy."); *Mikulsky*, 682 F. Supp. at 864 (no injury in fact because "the Court is unable to

21   determine whether the 'personal information' Plaintiff inputted is protected or whether it was

22   merely information akin to basic contact information that would not trigger a protectable privacy

23   interest.").

24       Plaintiff made four general allegations about how Defendant caused Plaintiff's alleged

25   injury:

26       1) The Defendant's Website software "cause[s] the extraction and transmission of data . . . so

27           that each person who visits the Website can be personally identified."  FAC ¶ 11

28       2) The Defendant's Website software "collects as much data as it can . . . and matches it with

United States District Court
Northern District of California

existing data that TikTok has acquired." *Id.* ¶ 13.

3) The Defendant's Website software "gather[s] device and browser information, geographic information, referral tracking, and URL tracking . . . to send the visitor's details to TikTok." *Id.* ¶ 14.

4) The Defendant's Website software "scans every page of the Website visited for additional information about the visitor, such as name, date of birth, and address." *Id.* ¶ 14.

Taken together, Plaintiff alleges only that Defendant invaded his privacy by impermissibly collecting Plaintiff's "data" and "information." A court considering a near identical complaint (*see supra* n.1) found the allegations insufficient to confer Article III standing because:

> Plaintiff fails to allege any basic facts from which the Court could infer a concrete injury, like when and how many times she visited the site, what information she provided, what information Defendant captured, whether she was aware of Defendant's tracking practices, or if she has any reason to believe that she was indeed de-anonymized.

*Heiting v. FKA Distrib. Co.*, No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594, at *3 (C.D. Cal. Feb. 3, 2025) (internal citation omitted). "Plaintiff cannot establish constitutional standing based on conclusory statements." *Steinmeyer v. Am. Ass'n of Blood Banks*, 715 F. Supp. 3d 1302, 1318 (S.D. Cal. 2024).

Likewise, even if Plaintiff's allegations were sufficiently concrete and particularized (they are not), Plaintiff has failed to allege the invasion of a legally protected right. *Lujan*, 504 U.S. at 560. The mere "collection of basic contact information by . . . software[,] or where the plaintiffs merely visited the website[,] are not concrete harms." *Smidga v. Spirit Airlines, Inc.*, No. 2:22-CV-1578-MJH, 2024 WL 1485853, at *4 (W.D. Pa. Apr. 5, 2024) (collecting cases); *Carolus v. Nexstar Media Inc.*, No. 24-CV-07790-VC, 2025 WL 1338193, at *1 (N.D. Cal. Apr. 9, 2025) (refusing so find an injury in fact where plaintiffs alleged only that defendant tracked "browser and device data" and "other identifying information" alongside IP addresses). IP addresses, for example, can provide "device and browser information" and "geographic information" the collection of which purportedly invaded Plaintiff's privacy in the instant case, FAC ¶ 14, but it is well established in the Ninth Circuit that "there is no legally protected privacy interest in IP addresses." *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1189 (N.D. Cal. 2020); *United*

1    *States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ("Internet users have no expectation of

2    privacy in . . . the IP addresses of the websites they visit."); *Carolus*, 2025 WL 1338193, at *1 (no

3    injury in fact where plaintiff alleges only "that a given device visited [Defendant's] website and

4    the general location of that device, including what zip code it's in.").

5         And though Plaintiff alleges that Defendants *could* gain "additional information about [a]

6    visitor such as name, date of birth, and address," and that allegation *could* intrude on Plaintiff's

7    right to privacy, he fails to convert that hypothetical into concrete harm to *him*. FAC ¶ 15.

8    Plaintiff does not allege that the Website collected *his* biographical information, and a "class

9    representative must be a part of the class and . . . suffer the same injury as the class members."

10   *Falcon,* 457 U.S. at 156. A plaintiff does not have standing to bring a claim on behalf of a class if

11   he does not have standing to bring it for himself. *Hawkins v. Comparet–Cassani,* 251 F.3d 1230,

12   1238 (9th Cir.2001) (citing *O'Shea,* 414 U.S. at 493–94).

13        Without standing, the Court is without subject matter jurisdiction. Defendant's motion is

14   GRANTED.

15        **B.     The TikTok Software is Not a Track and Trace Device**

16        Even if Plaintiff did allege that additional information about *him* was collected by the

17   Website, the FAC still fails because, if that type of information is collected, the statute ceases to

18   apply. Plaintiff's single claim turns on whether Defendant's Website and the related software

19   constitute a "trap and trace device" as defined by Cal. Penal Code § 638.50(c) and penalized by

20   § 638.51. By definition, a "trap and trace device" captures identifying information ***about*** a

21   communication "***but not the contents*** of a communication." § 638.50(c) (emphasis added).

22        As the Superior Court of Los Angeles County explained when a substantively identical

23   claim (*see supra* n.1) came before it:

24           the crucial distinction from other devices is that . . . "trap and trace
        devices" are designed to capture information ***about the***

25   ***communication,*** but ***not the content of the communication*** itself.
        Indeed, other devices accomplish that, and a host of statutes and

26           caselaw are directed at those other devices too. For purposes of
        Section 638.51, "trap and trace devices" by definition are tools which

27           provide information about the "who," "when," and "where" of
        communications—but not the "what."

28

United States District Court
Northern District of California

*Price v. Headspace, Inc.*, No. 24STCV19921, 2025 WL 1237977, at *3 (Cal. Super. Apr. 01, 2025). The FAC alleges that the TikTok Software "fingerprint[s]" Website visitors to "collect[] as much data as it can about a normally and otherwise anonymous Website visitor." FAC ¶ 13. Even more intrusive, Plaintiff claims, is the "Auto Advanced Matching" technology which deploys the TikTok Software to "scan[] every page of the Website visited for additional information about the visitor, such as name, date of birth, and address." *Id.* ¶ 15.[3] Any "fingerprint" that reveals biographical information is "the content" of any communication between visitor and Website,[4] and thus, the claim and the case cannot survive.

\* \* \*

Though neither party discusses the distinction between information ***about*** a communication versus information ***within*** a communication, it crystalizes the futility of Plaintiff's suit (and the myriad identical cases Plaintiff's counsel has filed in both federal and state courts). If Defendant only collects information regarding the "metadata" of the communication, Plaintiff's right to privacy is not invaded because he has no expectation of privacy as to that type of data (e.g., his IP address or general geographic location). If Defendant instead collects content information from communication between the parties (e.g., information provided from Plaintiff to Defendant directly), then the TikTok software is not a trap and trace device and § 638.50 does not apply.

\\

\\

\\

\\

---

[3] As discussed above, Plaintiff failed to allege that his "additional information" was gathered by Defendant. The analysis that follows presumes Plaintiff could allege such a thing if given leave to amend or a class member who suffered such an injury becomes lead plaintiff.

[4] The FAC is vague as to how a visitor's biographical information could appear on a "page of the Website" for Defendant's collection. The only circumstance the Court can conceive for such information to be available on a commercial website is that the visitor input that information himself. And if the visitor input that data, it follows that the data ***itself*** is the "content" of the visitor's communication with the Website once he provides it to Defendant.

United States District Court
Northern District of California

United States District Court
Northern District of California

1        For this reason, any amendment to the FAC cannot cure Plaintiff's lack of standing to

2    bring suit.  Defendant's motion is GRANTED without leave to amend.  Plaintiff's FAC is

3    dismissed with prejudice.

4        **IT IS SO ORDERED.**

5    Dated: August 6, 2025

6

7                    Noël Wise
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28